UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MAXIMO GOMEZ,

    Plaintiff,

v.                                                Case No. 5:22-cv-276-TKW-MJF

KAYLA CAMPBELL, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 5. Upon review of the amended complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose his litigation history completely and honestly.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Maximo Gomez (DC# M11644) is a Florida prisoner confined at the Reception and Medical Center in Lake Butler, Florida. Gomez initiated this lawsuit on November 16, 2022 by filing a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Gomez filed his amended complaint on December 9, 2022. Doc. 5.

Gomez's amended complaint names as Defendants two prison nurses who were employed at the Apalachee Correctional Institution: Campbell and Foreman. *Id.* at 1-3. Gomez claims that in May 2022, Campbell and Foreman delayed necessary medical care for his swollen hernia, in violation of the Eighth Amendment. Doc. 5-1. As relief, Gomez seeks $250,000.00 in compensatory damages and $250,000.00 in punitive damages against each Defendant. *Id*. at 7

## II. DISCUSSION

**A.    Screening of Gomez's Amended Complaint**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of the *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and

the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

**B.     Gomez's Reponses to Questions on the Complaint Form**

In his amended complaint filed on December 9, 2022, Gomez provided answers to Section VIII of the civil rights complaint form, which requires him to disclose his litigation history. Doc. 5 at 8-12. Question VIII(A) of the complaint form asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" Doc. 5 at 9. Where there are parenthetical areas to mark either a "Yes" or "No"

answer to Question (A), Gomez marked "No" and disclosed no cases in the space provided for doing so. *Id*. at 9.

Question VIII(B) of the complaint form asks, "Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issue involved in this case?" Doc. 5 at 10. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Gomez marked "No" and disclosed no cases in the space provided for doing so. *Id*. at 10.

Question VIII(C) of the complaint form asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?" Doc. 5 at 10. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Gomez marked "No" and disclosed no cases in the space provided for doing so. *Id*. at 10-12.

At the end of the civil rights complaint form, Gomez signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 5 at 12. Thus, Gomez has in effect stated that at the time he filed his amended complaint on December 9, 2022, he had not filed any other lawsuit, appeal, or habeas corpus petition in federal court that challenged his conviction or related to the conditions of his confinement.

C. **Gomez's Omissions**

The court takes judicial notice that, at the time Gomez filed his amended complaint in this case, he had initiated several other lawsuits in federal court that required disclosure. To list just a few, on March 12, 2020, Gomez filed a civil rights lawsuit under 42 U.S.C. § 1983, in the United States District Court for the Middle District of Florida. *See Gomez v. Lister, et al.*, Case No. 3:20-cv-253-BJD-MCR. Gomez's complaint related to the conditions of his confinement at Hamilton Correctional Institution Annex. Specifically, Gomez claimed that prison officials used excessive force on him and were deliberately indifferent to his serious medical needs. The case was closed on February 23, 2022, upon the entry of summary judgment in favor of the Defendants. *See Gomez*, No. 3:20-cv-253, 2022 WL 562266 (M.D. Fla. Feb. 23, 2022). Gomez appealed the judgment and, on November 8, 2022, the Eleventh Circuit affirmed. *Gomez v. Lister*, No. 22-10808, 2022 WL 16776248 (11th Cir. Nov. 8, 2022).

On April 20, 2020, Gomez filed a civil rights lawsuit under 42 U.S.C. § 1983, in the United States District Court for the Southern District of Florida. *See Gomez v. Burgess*, Case No. 9:20-cv-80658-RS. Gomez's complaint related to the conditions of his confinement at South Bay Correctional Facility. Specifically, Gomez claimed that prison officials used excessive force on him and retaliated against him for

exercising his First-Amendment rights. The case was closed on August 31, 2021, pursuant to the parties' settlement. *See Gomez*, No. 9:20-cv-80658-RS, Doc. 47.

On August 1, 2022, Gomez filed a civil rights lawsuit under 42 U.S.C. § 1983, in the Southern District of Florida. *See Gomez v. Vernon, et al.*, Case No. 2:22-cv-14275-RKA. Gomez's complaint related to the conditions of his confinement at Martin Correctional Institution. Specifically, Gomez claimed that prison officials ordered another inmate to stab him. That case remains pending.

On August 7, 2022, Gomez filed a civil rights lawsuit under 42 U.S.C. § 1983, in the Middle District of Florida. *See Gomez v. Crews, et al.*, Case No. 3:22-cv-387-MMH-MCR. Gomez's complaint related to the conditions of his confinement at Columbia Correctional Institution Annex. Specifically, Gomez claimed that prison officials used excessive force on him and retaliated against him by filing false disciplinary reports. That case remains pending.

The foregoing lawsuits and appeal are attributable to Gomez because they bear his inmate identification number: DC# M11644.[1] Gomez did not disclose any of these cases in the amended complaint he filed in the present case.[2]

---

[1] The foregoing lawsuits are just a few of the federal cases Gomez had filed and failed to disclose on the complaint form.

[2] Gomez also did not disclose any of his litigation history in his initial complaint. *See* Doc. 1.

Gomez was required to disclose the lawsuits and appeal listed above in response to Question VIII(C) of the complaint form, because these lawsuits and Gomez's appeal related to the conditions of Gomez's confinement. Gomez's failure to disclose the lawsuits and appeal violates his duty of candor to this court.

**D.     The Materiality of Gomez's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d

1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Gomez falsely responded to a question on the complaint form as detailed above. Gomez knew from reading the complaint form that disclosure of all prior cases and appeals was required. The complaint form expressly warns prisoners:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution of you are uncertain whether a case should be identified.***

Doc. 5 at 8. A penalty is warranted both to deter Gomez from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E.    The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Gomez's false response to go unpunished. *See, e.g., Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding that district court did not abuse its discretion by dismissing without prejudice prisoner's amended complaint for abuse of the judicial process; prisoner's amended complaint failed to disclose a federal lawsuit he filed after his original complaint but before his amended complaint). If Gomez suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Gomez's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731;

*Redmon*, 414 F. App'x at 226; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018).

No lesser sanction would suffice to deter this type of conduct. For example, providing Gomez an opportunity to amend his complaint to now disclose his prior litigation would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion for appointment of counsel, Doc. 7, be **DENIED**.

2. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

3. The clerk of the court be directed to enter judgment accordingly and close this case file.

At Pensacola, Florida, this 29th day of December, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**